UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
************************************  )
Monte Carlo Cruise Concessions, Inc., )
            Appellant,                )    Civil Action No.:
v.                                    )    04-CV-12215-DPW
Donald Lassman, Trustee,              )
            Appellee.                 )
**************************************
```

**DEFENDANT, MONTE CARLO CRUISE CONCESSIONS, INC.'S,
REPLY TO BRIEF OF DONALD R. LASSMAN**

NOW COMES THE DEFENDANT, Monte Carlo Cruise Concessions, Inc., (hereinafter "Monte Carlo") by and through its undersigned attorneys, Holbrook & Murphy, and submits its Reply to the Brief of Donald R. Lassman.

**1. The Bankruptcy Court correctly declined to award prejudgment interest.**

Initially, the defendant notes that it is clear that federal maritime law applies and thus the rate of prejudgment interest is discretionary with the finder of court of fact. *Militello v. Ann & Grace, Inc*., 576 N.E.2d 675, 411 Mass. 222 (1991). The case cited by the plaintiff supports defendant's contention that prejudgment interest is discretionary. *In re Neponset River Paper Company*, 219 B.R. 918 (D. Mass 1998).

The Bankruptcy Court was correct in not awarding prejudgment interest and there is no reason to change that decision.

Although the awarding of prejudgment interest is discretionary, the <u>rate</u> is also to be determined by the finder of fact. The First Circuit cases and other admiralty decisions speak of prejudgment interest as being only compensatory and thus more fairly determined by the cost of the loss of the use of the funds that were owed to the plaintiffs. *Pimental v. Jacobsen Fishing Company*, 102 F.3d 638 (1st Cir. 1996). *Boston Children's Heart Foundation Inc. v. Nadal-*

*Ginard*, 73 F.3d 429 (1st Cir. 1996). *Anderson v. McAllister Towing and Transportation Company, Inc.*, 94 F.Supp.2d 1273 (S.D. Ala. 2000). *Project Hope v. MN IBN SINA*, 2000 A.M.C. 1287, 1303 (S.D.N.Y. 2000). *OT Africa Line, Ltd. v. First Class Shipping Corp.*, 2000 A.M.C. 1109, 1116 (S.D.N.Y. 2000). *Hygade Operators, Inc. v. Clifford*, 2000 A.M.C. 1732, 1738 (S.D.N.Y. 2000). To have a rate of 12 percent would be unjust and punitive as it does not reflect the marketplace. *Ohio River Company v. Peavey Company*, 731 F.2d 547 (8th Cir. 1984). *See also*, *Militello*, *supra*.

Defendant requests that if the judgment be altered or amended for the purpose of awarding prejudgment interest, that the rate be consistent with the average of the Treasury Bill rate since August, 2000, as discussed in the *Pimental* and the Southern District of New York decisions. *In re Neponset River Paper Company*, 219 B.R. at 921.

**2.  Even if it is determined that Maritime Law, and thus the terms of the Charter Party, do not apply, the judgment should be set aside, not increased, and a new trial ordered.**

In his Brief, the Trustee argues that the issues of recoupment and setoff were not properly decided by the Bankruptcy Judge. For the reasons set forth in its Appeal Brief, Monte Carlo contends that the Federal Maritime Law and thus the clear terms of the Charter Party, should apply to this dispute. However, in the event that this Court determines that Federal Maritime Law and thus the language of the Charter Party do not apply, Monte Carlo urges this Court to not increase the award and instead order a new trial.

Monte Carlo contends that even though it believes that it should owe no money to the Trustee, in the alternative, if this Court holds that the funds be owed, the amount should not be more than the amount of the judgment established by Bankruptcy Court. In the event that this Court finds that the Bankruptcy Court's analysis of the law of recoupment and setoff is incorrect,

then a new trial should be ordered so that the parties can adequately present their positions to the Bankruptcy Court with instructions from this Court as to the proper law. It would be grossly unfair for this Court to increase the amount of the judgment as urged by the Trustee.

By its attorneys,

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

Certificate of Service

I hereby certify that on December 1, 2004, I electronically filed the Defendant, Monte Carlo Cruise Concessions, Inc.'s Reply to Brief of Donald R. Lassman with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Donald Lassman, Trustee, P.O. Box 920385, Needham, MA 02492 and Steven Sheehy, counsel for the Plaintiff, 460 Totten Pond Road, Suite 230, Waltham, MA 02451.

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com